J. Arthur Bernal SBN 119448
LAW OFFICES OF J. ARTHUR BERNAL
80 South Lake Avenue, Suite 708
Pasadena, California 91101
Telephone: (626)577-2616
Facsimile: (626) 577-5525

Attorney for Debtor,
TIMOTHY AUSTIN

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In Re:

TIMOTHY AUSTIN,

    Debtor.

Case No.: 6:10-bk-42585-MJ

Chapter 13

EX-PARTE APPLICATION FOR ORDER RE-OPENING CASE FOR LIMITED PURPOSE OF REMOVING 109(G) RESTRICTION UNDER BANKRUPTCY CODE 349; DECLARATION OF TIMOTHY AUSTIN; DECLARATION OF J. ARTHUR BERNAL IN SUPPORT THEROF

Date:  To Be Determined
Time:  To Be Determined
Crtrm: 301
    3420 Twelfth Street
    Riverside. CA 92501

TO THE HONORABLE MEREDITH A. JURY, UNITED STATES BANKRUPTCY JUDGE, AND TO THE CHAPTER 13 TRUSTEE:

TIMOTHY AUSTIN, the Debtor herein applies to the Court ex-parte to re-open this case to obtain permission to file a new chapter 13 bankruptcy case, on the following grounds:

1. Debtor filed the instant Chapter 13 bankruptcy on October 7, 2010, in order to preserve the assets of his estate.

2. At the time of the filing of Debtor's petition, the 341(a) meeting of creditors was scheduled on November 15, 2010 and a Confirmation Hearing was set on November 15, 2010.

3. At the time and place scheduled for the 341(a) meeting, Debtor did not appear. As a result of Debtor's failure to appear at the 341(a) meeting, said case was dismissed on November 18, 2010 with a restriction to filing a new chapter 13 case without first obtaining permission from this Court.

4. On or about January 1, 2011, this case was closed.

5. At the time Debtor filed his bankruptcy petition, Debtor was in the process of attempting to modify the loan on his home. Debtor had high hopes that this process would work to help save his home. Debtor was ill advised by his Realtor who was helping him with his loan modification and decided not to go forward with his bankruptcy and did not appear at his 341(a) meeting.

7. Unfortunately, the loan modification efforts were not successful, leaving Debtor no other alternative but to file another chapter 13 petition to save his home. Debtor filed a second chapter 13 bankruptcy on December 8, 2010 in good faith with every intention of keeping his home and staying in bankruptcy. However, Debtor's attorney had not realized that the first filing had been dismissed with 109(g) restriction, and so this second case was automatically dismissed on December 9, 2010 due to this restriction.

8. At this time, Debtor has no protection from foreclosure and his home is in danger of being foreclosed tomorrow March 18, 2011. Attached hereto as Exhibit 1, is a true and correct copy of a scheduled auction sale of Debtor's residence. Debtor's last hope to save his home is a chapter 13 bankruptcy. However, because of a previous bankruptcy filing and his failure to appear at the 341(a) meeting of creditors, Debtor may not file another petition without permission of this Court.

9. Additionally, since a trustee sale is scheduled for tomorrow March 18, 2011, there is not enough time to set a motion on the Court's regular calendar. Therefore, the Debtor is in

danger of losing his property to foreclosure unless this motion is heard on the instant ex-parte application for a faster decision.

10. Debtor contends that his failure to appear at the 341(a) meeting on November 15, 2011, was a decision of preference to try to save his properties through modification rather than the lengthy process of bankruptcy. Unfortunately, this did not work. It was not Debtor's intention to use the bankruptcy process to delay the sale of his properties. As the Court can see from Debtor's declaration, he was, in good faith, trying to save his properties the best way he knew how. Attached hereto as Exhibit 2, is a true and correct copy of three (3) mortgage payment Debtor has ready to tender as a sign of his good faith.

11. Debtor requests that this Court grant his ex parte application to allow him to file a new chapter 13 bankruptcy so that he can save his home from foreclosure.

WHEREFORE, Debtor prays that the Court grant his ex-parte motion and remove the 109(g) restriction under Bankruptcy Code 349 to allow him to file a new chapter 13 bankruptcy petition.

DATED: March 17, 2011                               LAW OFFICES OF J. ARTHUR BERNAL

                                                    By: _____
                                                    J. ARTHUR BERNAL, Attorney for
                                                    Debtor, TIMOTHY AUSTIN

## DECLARATION OF TIMOTHY AUSTIN

I, Timothy Austin, declare, as follows:

1. I am the debtor in the above-referenced matter. If called as a witness, I could and would competently testify as to the following facts of my own personal knowledge.

2. At the time of the filing of my first petition, the 341(a) meeting of creditors was scheduled on November 15, 2010 and a Confirmation Hearing was set on November 15, 2010.

3. At the time and place scheduled for the 341(a) meeting and Confirmation Hearing, I did not appear. As a result of my failure to appear at the 341(a) meeting, said case was dismissed on November 18, 2010.

4. At the time that I filed my bankruptcy petition, I was in the process of attempting to modify the loan on my home. I had high hopes that this process would work to help save my home. Therefore, I decided not to go forward with my bankruptcy and did not appear at his 341(a) meeting, but instead, to try to obtain a modification of my loans.

5. Unfortunately, the loan modification efforts were not successful, leaving me no other alternative but to file another chapter 13 petition to save my home. I filed a second chapter 13 bankruptcy on December 8, 2010 in good faith with every intention of keeping my home and staying in bankruptcy. However, my attorney had not realized that the first filing had been dismissed with 109(g) restriction, and so this second case was automatically dismissed on December 9, 2010 due to this restriction.

7. At this time, I have no protection from foreclosure and my home is in danger of being foreclosed tomorrow March 18, 2011. Attached hereto as Exhibit 1, is a true and correct copy of a scheduled auction sale of my residence. My last hope to save my home is a chapter 13 bankruptcy.

8. I did not file bankruptcy, previously to delay foreclosure of my home for any wrongful reason. I earnestly tried and wanted to save my home. This is why I went through a loan modification process. Unfortunately, none of my efforts were effective. I do not want to lose

my home. I thought it would be better to try the loan modification process rather than the long process of bankruptcy. I am now left with no other alternatives, but bankruptcy. To show my good faith I have three (3) mortgage payments ready to tender, attached hereto as Exhibit 2, is a true and correct copy of said mortgage payments.

9. However, the Court will not allow me to file another petition, unless I make a motion for permission to do so. WHEREFORE, I pray that the Court grant my ex-parte motion and remove the 109(g) restriction under Bankruptcy Code 349 to allow me to file a new chapter 13 bankruptcy petition. Attached hereto as Exhibit 3, is a true and correct copy of said Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing was executed on March 17, 2011, in Pasadena, California.

Timothy Austin

## DECLARATION OF J. ARTHUR BERNAL

I, J. Arthur Bernal, declare:

1. I am an attorney duly licensed to practice before all the courts of the State of California and the Central District of California. If called as a witness, I would testify as to the following facts of my own personal knowledge.

2. Since Debtor has been unable to work out his loan modification, he is left with no other alternative but to file another chapter 13 bankruptcy case.

4. However, Debtor has been restricted from filing another chapter 13 bankruptcy case, without first obtaining permission from this Court. In order to obtain permission, Debtor must set this matter on the Court's regular hearing calendar pursuant to Local Bankruptcy Rule 9013-1. Since the foreclosure sale is tomorrow morning, March 18, 2011 at 10:00 a.m., there is not sufficient time to schedule a motion before the foreclosure date.

5. Therefore, Debtor's only choice is to file this emergency motion and request that the Court grant his ex-parte motion and remove the 109(g) restriction under Bankruptcy Code 349 to allow him to file a new chapter 13 bankruptcy petition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed on March 17, 2011, in Pasadena, California.

*/s/ J. Arthur Bernal*
J. Arthur Bernal

# MEMORANDUM OF POINTS AND AUTHORITIES

## I
## INTRODUCTION

This bankruptcy case was originally filed in order to save the assets of the Debtor. However, prior to his 341(a) meeting, Debtor decided to try loan modification, rather than go through the lengthy process of bankruptcy. Unfortunately, the process failed for Debtor.

At this time, Debtor's residence is scheduled for sale on March 18, 2011. Debtor has no other alternative left, but to file bankruptcy in order to save his home.

## II
## A BANKRUPTCY CASE MAY BE RE-OPENED
## FOR A LIMITED PURPOSE

Reopening, by itself, has no independent legal significance, is a ministerial or mechanical act, and determines nothing with respect to the merits of the case. *In re Germaine*, 152 B.R. 619, (B.A.P. 9th Cir. 1993). "We have repeatedly held that the reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter and that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." *In re Menk*, 896, 913 198 (B.A.P. 9th Cir. 1999).

The request to reopen can be brought ex parte and without notice. *In re Daniels* 34 B.R. 782 (B.A.P. 9th Cir. 1983), *in re Abbott*, 183 B.R. 198 (B.A.P. 9th Cir. 1995). "Although the reopening procedure prescribed by Rule 5010 requires a motion, it does not require that notice

be given to anyone. Fed.R. Bankr. P. 5010. Nor does §350(b) contain the talismanic mention of notice and hearing that connotes the statutory need to permit a contest." *Mentk*, 241 B.R. at 914.

For each and all of the above reasons, Debtor hereby respectfully requests that the court reopen Debtor's case for the limited purpose describe in paragraph 1 of this ex-parte motion.

### III
### DEBTOR MAY FILE ANOTHER BANKRUPTCY
### UPON REQUESTING PERMISSION AND SHOWING GOOD CAUSE

In this case, Debtor's bankruptcy case was dismissed because he failed to attend his 341(a) meeting. However, Debtor has shown good cause as to why he failed to do so - he attempted other methods to, in good faith, save his properties from foreclosure. Attached hereto as Exhibit 2 is a copy of the three (3) mortgage payments that Debtor has ready to tender as a sign of his good faith.

In the dismissal order, the Court ordered that Debtor may only file a new petition, if he requested permission of the Court to do so and said motion was supported by admissible evidence, pursuant to 11 U.S.C. § 349. (See Order and Notice of Dismissal, Exhibit 2). Pursuant to Federal Rules of Evidence §602, a person testimony is admissible evidence that is within his knowledge.
In this case, Debtor has declared under penalty of perjury that the facts stated in his declaration are within his knowledge.

### III
### CONCLUSION

By reason of the foregoing points and authorities, it is respectfully requested that this Court grant Debtor's ex-parte motion and remove the 109(g) restriction under Bankruptcy Code 349 to allow him to file a new chapter 13 bankruptcy petition.

DATED: March 17, 2011

Respectfully submitted,

LAW OFFICES OF J. ARTHUR BERNAL

By: _____
J. ARTHUR BERNAL, Attorney for Debtor, TIMOTHY AUSTIN

# EXHIBIT "1"

Case 6:10-bk-42585-MJ    Doc 26    Filed 03/17/11    Entered 03/17/11 16:51:41    Desc
Main Document    Page 10 of 19



**National Default Servicing Corporation**
7720 N. 16th Street, Suite 300, Phoenix, Arizona 85020
Telephone: 602-264-6101 | Facsimile: 602-264-6209

*This report is prepared as a courtesy only. It is not issued in lieu of forms of notice required by Statute (i.e. recording, posting, publishing and mailing), and in the event of any error or incompleteness does not impair the effectiveness of notices given by statutory methods. The information contained herein is believed to be accurate as of the time of viewing, but interested parties must attend the sale to obtain the most recent information of particular importance or to obtain updated information. Any listing here of a "possible postponement date" is an estimate of the action that will be taken at the time of sale as now scheduled, and is not a commitment to postpone. Until the actual date and time currently set for the sale, the beneficiary and trustee reserve the right to proceed to sale as scheduled, or to declare a postponement until some other date and/or location. Please note for efficiency/space purposes, we are only providing the street address of the property as a point of reference rather than the only controlling, binding description of the property, which is the legal description.*

Sale Start Date:  3/17/2011    Sale End Date:  3/19/2011    [Search]
Records per Page : 20    File # (blank for all):    Files 1 - 1 (of 1 Total)

☒ Click Here To Hide Options

Exclude Closed Files ☐    Address contains (blank for All):    City starts with (blank for All):  palm springs
Exclude On Hold Files ☐    County starts with (blank for All):  riverside    Zip Code (blank for all):

As of Thursday, March 17, 2011 at 9:49 AM

« ‹ **1** › »

| Sale Date (previous) (projected) | File # | Loan Date | Mortgage Co | Org Ln Amt | File Status | Opening Bid Amount |
|---|---|---|---|---|---|---|
| Sale Time | Property Address | | | Loan # | Trustor | Max Bid Amount |
| Place of Sale | | | | | County | Canceled |
| 3/18/2011 | 10-32343-RC-CA | 7/20/2007 | Fidelity National - Residentia | $418,500.00 | Trustee Sale | $225,250.00 |
| 10:00 A.M. | 439 EAST RACQUET CLUB ROAD, PALM SPRINGS, CA 92262 | | | 2000033645 | AUSTIN | |
| At the Main Street entrance to the County Courthouse, 4050 Main Street, Riverside, CA | | | | | RIVERSIDE | |

# EXHIBIT "2"

PRINTED ON LINEMARK PAPER - HOLD TO LIGHT TO VIEW. FOR ADDITIONAL SECURITY FEATURES SEE BACK.

| 0000613 | 11-24 |
|---|---|
| Office AU # | 1210(8) |

Operator I.D.: cu015645    cu006226

## CASHIER'S CHECK

0061306889

March 17, 2011

PAY TO THE ORDER OF    ***RCS***

***Six thousand nine hundred fifty-four dollars and no cents***    **$6,954.00**

Re: Timothy Austin    Loan # 20000 33645

WELLS FARGO BANK, N.A.
82 S LAKE AVE
PASADENA, CA 91101
FOR INQUIRIES CALL (480) 394-3122

VOID IF OVER US $ 6,954.00

*Richard Levy*
CONTROLLER

⑆0061306889⑆ ⑈121000248⑈:486 505287⑈

Details on Back. Security Features Included.

EXHIBIT "3"

J. Arthur Bernal SBN 119448
LAW OFFICES OF J. ARTHUR BERNAL
80 South Lake Avenue, Suite 708
Pasadena, California 91101
Telephone: (626)577-2616
Facsimile: (626) 577-5525

Attorney for Debtors,
TIMOTHY AUSTIN

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>TIMOTHY AUSTTIN<br><br>Debtor. | Case No.: 6:10-bk-42585-MJ<br><br>Chapter 13<br><br>ORDER ON DEBTOR'S EX-PARTE APPLICATION FOR ORDER RE-OPENING CASE FOR LIMITED PURPOSE OF REMOVING 109(G) RESTRICTION UNDER BANKRUPTCY CODE 349 |

UPON CONSIDERATION of Debtor's Ex Parte motion to reopen case and allow Debtor to file a new chapter 13 Case, the Court finds good cause therefore, and makes the following ruling:

IT IS ORDERED that Debtor's case is reopened to consider his ex motion for permission to file a new chapter 13 case. It is further ordered that the prohibition under Bankruptcy Code Section 349 is revoked and 109(g) restriction removed so that the Debtor may file a new Chapter 13 Bankruptcy Petition.

DATED: _____

_____
UNITED STATES BANKRUPTCY JUDGE

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**80 South Lake Avenue, Suite 708**
**Pasadena, CA 91101**

A true and correct copy of the foregoing document described **PROPOSED ORDER ON DEBTOR'S EX PARTE APPLICATION TO REOPEN CASE AND ALLOW DEBTOR TO FILE A NEW CHAPTER 13 CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __3/17/2011__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __3/17/2011__ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
Honorable Meredith Jury
3420 Twelfth Street, Suite 325
Riverside, CA 92501

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/17/2011 | Grace Segura | /s/Grace Segura |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**Via Mail:**
RCS, Inc.
4282 N. Freeway
Ft Worth, TX 76137

**Via Facsimile:**

**Joe M Lozano, Jr**, Vander, Linden & Wernick PC, (972)643-6697 (fax)

**Anne W Hamann,** Pite Duncan LLP, 619-590-1385 (fax)

NDSC, (602) 264-62099

Rod Danielson, (951) 826-8090

RCS, Inc., (323) 210-5039 & (888) 775-7250

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

### NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify) **ORDER ON DEBTOR'S EX PARTE APPLICATION TO REOPEN CASE AND ALLOW DEBTOR TO FILE A NEW CHAPTER 13 CASE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 3/17/2011            , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.
Rod Danielson, notice-efile@rodan13.com
United States Trustee, ustpregion16.rs.ecf@usdoj.gov
J. Arthur Bernal, wgs102469@aol.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL**: A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:
J. Arthur Bernal
Law Offices of J. Arthur Bernal
South Lake Avenue, Suite 708
Pasadena, CA 91101
☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION (if needed):**

**Joe M Lozano, Jr**
Vander Linden & Wernick P C
9441 LBJ Freeway Ste 350
Dallas, TX 75243

**Anne W Hamann**
Pite Duncan LLP
4375 Jutland Dr Ste 200
PO Box 17933
San Diego, CA 92177-0933

**RCS, Inc.**
4282 N. Freeway
Ft. Worth, TX 76137

**NDSC**
7720 N. 16th Street
Suite 300
Phoenix, AZ 85020